Per Curiam.

The Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, §§ 201-219) did not prohibit contracts between employers and employees as to hours and wages so long as the hourly wage was not less than the minimum therein specified and so long as the employee received compensation ££ at a rate not less than one and one-half times the regular rate at which he is employed ” (§ 207, subd. [a], par. [3]) for overtime work. Such contracts were entered into between the parties here. These contracts reduced the monthly wage to a weekly basis and provided that such wage covered payment for the statutory work week, plus overtime payment for hours in excess of the statutory work week. The record discloses that these contracts were entered into fairly and without misrepresentation, fraud or compulsion. The statute did not require that wages be increased and they were not at any time decreased. In fact, from time to time, they were increased. The statute does not define ££ regular rate ’ ’ *246 and the “ regular rate ” was not directly stated in the contracts. The fact that it was not so stated did not render the wage plan invalid where there was a formula providing for the ascertainment of the “ regular rate ”. (Watkins v. Hudson Coal Co., 54 F. Supp. 953; 149 Madison Ave. Corp. v. Asselta, 331 U. S. 199, 204.) Here the weekly wage was stated and the hours of work were definite and invariable. The formula, therefore, consisted in a mathematical computation. It was a mere matter of arithmetic to ascertain the “ regular rate ”. This was arrived at by dividing the weekly wage by the sum of the number of hours of the statutory work week plus one and one-half times the excess hours. The quotient gave the “ regular rate ”. The record shows that the appellants were paid in full for the statutory hours at the “ regular rate ” and for the excess hours at one and one-half times the “ regular rate ”, There was no violation of the statute and the right of employers and employees to agree upon a formula for ascertainment of the “ regular rate ” was sustained in Walling v. Belo Corp. (316 U. S. 624) and in Walling v. Halliburton Co. (331 U. S. 17).
The judgments should be affirmed, with costs.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
In each case: Judgment affirmed, with costs.